UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20792-CIV-ALTONAGA

ICELA GONZALEZ, *et al.*,

    Plaintiffs,
vs.

WINN-DIXIE STORES, INC., *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs, Icela Gonzalez ("Gonzalez"), Magaly Rodriguez ("Rodriguez"), and Roberto Molina's ("Molina[']s") (collectively, "Plaintiffs[']") Motion . . . for Conditional Certification of Collective Action . . . ("Motion") [ECF No. 51], filed July 25, 2014. Plaintiffs filed a First Amended Complaint ("Amended Complaint") [ECF No. 17] on May 13, 2014, on behalf of themselves and other similarly situated individuals, against Defendants, Winn-Dixie Stores, Inc. ("Winn-Dixie") and Maximo Cintado ("Cintado") (collectively, "Defendants"). The Amended Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Besides the three Plaintiffs, no other individuals have filed notices of consent to join this action as opt-in plaintiffs.

Plaintiffs now seek conditional certification of an FLSA collective action against Defendants. (*See generally* Mot.) On August 20, 2014, Defendants filed their Response . . . ("Response") [ECF No. 55]. Plaintiffs filed a Reply . . . ("Reply") [ECF No. 60] on September 17, 2014. The Court has carefully considered the parties' submissions, the record, and applicable law.

## I. BACKGROUND[1]

This dispute involves Defendants' alleged failure to pay Plaintiffs proper overtime wages. (*See* Am. Compl. ¶ 1). The three Plaintiffs formerly worked at Winn-Dixie store number 0388, under store director Cintado. (*See id.* ¶¶ 4, 6). Winn-Dixie is a retail supermarket chain with more than 48,000 employees in 548 locations in five Southern states. (*See* Decl. of Robert T. Devine ¶ 3 ("Devine Decl.") [ECF No. 55-1]). Plaintiffs allege Winn-Dixie set a regular work schedule for employees, but they "had to show up earlier than their regular set schedule or they had to stay late working off the clock." (Am. Compl. ¶ 39). Plaintiffs bring this action alleging a violation of the FLSA for failure to pay overtime.[2] (*See generally* Am. Compl.).

## II. LEGAL STANDARD

The FLSA permits a plaintiff to bring a collective action on behalf of similarly situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *Hipp*, 252 F.3d at 1216. In the interest of judicial economy, district courts have discretionary power to authorize the sending of notice to potential collective action members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Notice is only authorized in appropriate cases. *See Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).

In order to merit conditional collective action certification, Plaintiffs must show there are other employees who (1) are similarly situated with regard to their job requirements and pay

---

[1] The facts are taken from the pleadings, affidavits, and declarations signed under penalty of perjury. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1275 (M.D. Ala. 2004) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (stating a court decides a motion for conditional certification "based only on the pleadings and any affidavits which have been submitted")); *see also* 28 U.S.C. § 1746 (stating that a declaration signed under penalty of perjury is to be construed with "like force and effect" as an affidavit).

[2] Counts II and III of the Amended Complaint were voluntarily dismissed with prejudice by the parties. (*See* Order [ECF No. 59]).

provisions, and who (2) desire to opt into the case. *See Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). Regarding the first requirement, the plaintiff bears the burden of proving he and the class he seeks to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). To evaluate whether a plaintiff has demonstrated the existence of a similarly situated class, courts in the Eleventh Circuit employ a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218, and collecting cases). The first tier is referred to as the notice stage, in which

> the district court makes a decision — usually based only on the pleadings and any affidavits that have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* (citations omitted).

The second tier of analysis, re-examining the question of certification after discovery is complete, follows a motion for "decertification" by the defendant. *Id.* (citations omitted).

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

*Id.* (citations omitted).

Regarding the second requirement, a plaintiff must show there are employees who would opt in if given notice. *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220

(M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is authorized." (alteration added; footnote call number and citation omitted)). Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." *Dybach*, 942 F.2d at 1567. The burden is on the plaintiff to produce evidence demonstrating aggrieved individuals exist within the proposed class. *See Haynes*, 696 F.2d at 887–88 (holding the court properly declined to authorize notice to a prospective class where the only evidence presented was counsel's assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores). If the plaintiff does not satisfy this burden, the Court should decline the certification of a collective action to "avoid the stirring up of litigation through unwarranted solicitation." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (citations and internal quotation marks omitted).

### III. ANALYSIS

Plaintiffs seek conditional certification of the following classes of individuals (the "Proposed Classes"):

> [(1)] All hourly-paid employees whom worked for Defendants at one or more than one of the WINN DIXIE STORES' supermarkets within the three year period prior to the filing of this lawsuit, and whose combined hours exceeded Forty per week, for which they were not paid overtime wages at the proper rate of time and a half their regular rate, or minimum wages, because they worked off-the clock hours that constituted overtime hours that were never paid to them. . . .
>
> [(2)] All hourly-paid Department Managers, Assistant Managers, and lead persons whom worked for Defendants at one or more than one of the WINN DIXIE STORES' supermarkets within the three year period prior to the filing of this lawsuit, and whose combined hours exceeded Forty per week, for which they were not paid overtime wages at the proper rate of time and a half their regular rate, or minimum wages, because they worked off-the clock hours that constituted overtime hours that were never paid to them.

(Mot. 2–3 (alterations added)).[3] Plaintiffs assert the members of the Proposed Classes are "similarly-situated employees who, like [] Plaintiffs, were not paid overtime wages . . . ." (*Id.* 5 (alterations added)). The Court first determines whether Plaintiffs establish a class of similarly situated individuals, and then considers whether they sufficiently show the existence of additional opt-in plaintiffs.

### A. Existence of Similarly Situated Individuals

As noted, the Court applies a "fairly lenient standard" at the notice stage in determining whether the class should be conditionally certified. *Hipp*, 252 F.3d at 1218 (citation omitted). The rationale for this is that "at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence." *Davis*, 303 F. Supp. 2d at 1276 (citation omitted). In determining whether potential class members are similarly situated, the Court considers

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar.

*Echevarria v. Las Vegas Beach, Inc.*, No. 10-20200-CIV, 2010 WL 2179747, at *2 (S.D. Fla. June 1, 2010) (citation omitted). While this burden is low, "it is not invisible." *Brooks v. A Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006).

Plaintiffs assert they meet the requirement for similarly situated individuals because at store 0388, "working off-the clock was an instituted common practice and procedure." (Mot. 4–

---

[3] In the interest of conserving judicial resources, the undersigned will not correct — or note the existence of — grammatical, stylistic, or spelling errors in the parties' filings.

5

5). They argue Winn-Dixie had a "strong policy against off the clock working hours . . . [y]et, Defendant's agents not only allowed, but required Plaintiffs and other similarly situated employees to work off-the clock hours each and every day . . . ." (*Id.* 5 (alterations added)). Plaintiffs rely on the Affidavit of Plaintiff Icela Gonzalez ("Gonzalez Affidavit") [ECF No. 51-2]), Affidavit of Magaly Rodriguez . . . ("Rodriguez Affidavit") [ECF No. 51-3], and Affidavit of Roberto Molina . . . ("Molina Affidavit) [ECF No. 51-4]) (collectively, "Plaintiffs' Affidavits") for the proposition "Defendants' wage and hour policies and practices have adversely affected most, if not all, of present and former employees in the Proposed Class." (Mot. 19).

The conclusory assertion other employees are similarly situated to Plaintiffs fails to meet Plaintiffs' burden under the FLSA. Indeed, nowhere in the Motion is there even a shred of evidence about employees at *any* other store — although Plaintiffs had the opportunity to present evidence on any number of the 548 locations Winn-Dixie has throughout the South. (*See* Devine Decl. ¶ 3). Indeed, the fact Winn-Dixie permits decisions on promotion, pay, and work scheduling to be handled "exclusively at the store management level" indicates individuals at other locations may have little in common with the named Plaintiffs in this matter. (*Id.* ¶ 7). Simply put, the isolated allegations concerning store number 0388 are insufficient to find similarly situated individuals exist across Winn-Dixie's entire operations. *See Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at *7 (E.D. Wis. Sept. 11, 2008) ("Alleged FLSA violations stemming from the enforcement decisions of individual supervisors, rather than a company-wide policy or plan[,] are not appropriate for collective treatment." (alteration added; citations omitted)).

Plaintiffs attempt to remedy this omission by noting the existence of pending FLSA

litigation against Winn-Dixie by an employee of store number 370. (*See* Reply 5–6). Even were this argument properly presented — it appears for the first time in the Reply, which must "be strictly limited to rebuttal of matters raised in the memorandum in opposition," S.D. FLA. L.R. 7.1(c) — it fails to persuade. The cursory references to the store 370 lawsuit fail to indicate how this single additional potential plaintiff is "similarly situated" to Plaintiffs in any respect besides having filed an FLSA action against Winn-Dixie. (*See generally* Reply). Certainly the single page of the docket filed as an exhibit to the Reply is *not* "evidence that the managers of other Winn Dixie store . . . in Miami, Florida coerced an employee to work many off-the clock hours," as Plaintiffs claim. (*Id.* 8 (alteration added; citation omitted)). Accordingly, Plaintiffs fail to meet their burden of showing the existence of similarly situated individuals in either of the Proposed Classes.

B.  Existence of Other Individuals Who Desire to Opt In

Even assuming Plaintiffs could demonstrate the existence of a class of similarly situated individuals, they fail to show other employees desire to opt into the suit. To date, there are three Plaintiffs in this action, who all worked at the same location. While Plaintiffs seek a class including employees from every Winn-Dixie in five states, no other Plaintiffs have opted into the class besides the three named Plaintiffs.

The Motion and Plaintiffs' Affidavits lack substantiated estimates of additional plaintiffs to this action. While Roberto Molina asserts, "I know that there are other potential Plaintiffs that I hope will join this lawsuit," (Molina Aff. ¶ 15), unsupported allegations other employees desire to join in a putative class fail to meet Plaintiffs' burden for conditional class certification. *See Sandate v. Makotek, LLC*, No. 6:06-cv-601-Orl-31DAB, 2006 WL 4792782, at *3 (M.D. Fla. Sept. 28, 2006) ("A plaintiff's or counsel's belief in the existence of other employees who desire

7

to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." (citations and internal quotation marks omitted)); *White v. Kcpar, Inc.*, No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006). Likewise, "vague and speculative" assertions regarding the existence of other putative plaintiffs do not establish the existence of other individuals who desire to opt in. *Guerrier v. Mei Gamma, LLC*, No. 12-22368-CIV, 2012 WL 6050330, at *2 (S.D. Fla. Dec. 3, 2012). Instead, Plaintiffs must, at a minimum, identify specific employees — beyond the current ones — who desire to join the lawsuit.[4] *See Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3–4 (M.D. Fla. Mar. 23, 2006) (finding the plaintiff and two employees who signed consents to join the action did not demonstrate a reasonable basis to conclude other employees desired to opt into the class where their declarations did not identify specific employees who desired to join the lawsuit); *see also Dybach*, 942 F.2d at 1567–68 (instructing the district court on remand that it should satisfy itself that there are other similarly situated employees who desire to opt in before allowing notice to be given to other potential class members).

Plaintiffs' failure to specifically identify others in the class precludes conditional certification. *See Kemar Fung Chung v. Affordable Battery, Inc*., No. 12-60612-CIV, 2012 WL 3759029, at *2 (S.D. Fla. Aug. 29, 2012) ("[U]nsupported allegations that FLSA violations are widespread throughout a company, and that additional plaintiffs will join the suit, are insufficient to support class certification." (alteration added; citations omitted)). Nor can Plaintiffs even assert any employees in fact "desire" to opt in. *Dybach*, 942 F.2d at 1567. The Molina Affidavit

---

[4] Plaintiffs cite case law from the Southern District of New York in support of their contention "no additional opt-ins Plaintiffs are required" to be shown at this stage. (Reply 14 (citing cases)). Even assuming these cases stand for this proposition, decisions from courts in the Eleventh Circuit establish a stricter rule, which the Court adopts.

simply notes Molina "hope[s]" others will join the suit (Molina Aff. ¶ 15 (alteration added)); the Motion asserts "there are more employees of the Defendants that *may have a vital interest* in this suit" (Mot. 5 (emphasis added)).[5] Accordingly, to "avoid the stirring up of litigation through unwarranted solicitation," *Osmose*, 204 F. Supp. 2d at 1318 (citations and internal quotation marks omitted), the Court declines to conditionally certify a class in this matter.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 51]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of September, 2014.

*(signature)*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[5] The contention Plaintiffs' Affidavits and their consents to join "clearly show that there are additional parties requesting the ability to opt-in to this claim" is incorrect. (Mot. 9). No such desire is clear from any of these documents.